IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ARTHUR COFIELD, | : | |
| Plaintiff, | : | |
| | : | NO. 5:10-CV-101 (MTT) |
| VS. | : | |
| FRED HEAD, *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |

## RECOMMENDATION

Before the court is a Motion to Dismiss filed by the Defendants. Doc. 18. In this case, Plaintiff seeks to bring claims for violations of his Eighth Amendment rights arising from an alleged assault by another inmate. Defendants contend that the claims should be dismissed, among other reasons, because of Plaintiff's failure to exhaust his administrative remedies. For the reasons set forth below, it is hereby **RECOMMENDED** that the Motion to Dismiss be **GRANTED**.

The incidents giving rise to the instant Complaint occurred during the Plaintiff's incarceration at Macon State Prison. The Complaint alleges that Defendant Denita Jones caused him to be assaulted by his cellmate and another inmate after Plaintiff witnessed a drug deal between Jones and the cellmate. According to the Complaint, Plaintiff sustained serious injuries in the assault. Plaintiff further alleges that, after the assault, he was placed in a cell with his cellmate Jorge, and that Defendant Lt. Anthony Rawls refused to move him to a "safe holding cell." Finally, Plaintiff complains that Defendant Warden Fred Head and Defendant Warden James Hinton refused "to admit [him] to receive needed medical treatment."

1

The PLRA mandates that before an incarcerated plaintiff can bring any action under 42 U.S.C. §1983, he must exhaust all of the administrative remedies available to him. 42 U.S.C. §1997e(a). Moreover, the Eleventh Circuit has made it clear that exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998).

Where, as here, a defendant moves for dismissal based on the affirmative defense of failure to exhaust, the court's review of the motion involves a two-step process. *See* Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008). The court first looks to the factual allegations in the defendant's motion seeking dismissal as well as those in the plaintiff's response. If they conflict, the court takes the plaintiff's version of the facts as true. Id. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id.

If the complaint is not subject to dismissal when the plaintiff's version of the facts is accepted as true, the court must proceed to the second step, making specific findings of fact to resolve the disputed factual issues related to exhaustion. Id. At this second stage of the analysis, it is the defendants' burden to prove that the plaintiff has failed to exhaust his available administrative remedies. Id.

Here, the Plaintiff's version and Defendants' version of the facts clearly conflict. In his Complaint, Plaintiff admits that he did not file a grievance related to the assault because he was told that it was not a grievable issue. Complaint 3 (Doc. 5). In his response to the Motion to Dismiss, however, Plaintiff claims that "administrative remedies were properly taken, to no avail." Moreover, he explains that "on the dates and occasions stated, [he] repeatedly sought medical care,

whether through the filing of medical requests or by the local grievance procedure at Macon State Prison and Hancock State Prison." Plaintiff states that all of his attempts to grieve were either denied or ignored. Taking this second version of the facts as true under the first step in Turner, dismissal is not warranted. Thus, the Court must proceed to the second step of the Turner analysis in order to determine whether or not the Defendants have met their burden as described above.

To meet their burden, and in addition to the arguments proffered in their supporting brief, the Defendants have provided documentary evidence related to Plaintiff's grievance history. Doc. 18, Attch.1, Exs. 1-7. This evidence indicates that Plaintiff never filed a grievance concerning the claims in this case, despite having knowledge of, access to, and experience with the Georgia Department of Corrections administrative grievance procedure used at the institutions in which he was incarcerated. The weight of this evidence, when compared to Plaintiff's contradictory and ambiguous accounts of his attempts to use the grievance procedure, leads to a conclusion that Plaintiff did not, in fact, exhaust any of his available administrative remedies.

Accordingly, **IT IS RECOMMENDED** that the Defendants' Motion to Dismiss be **GRANTED** and that the instant action be **DISMISSED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 28th day of December, 2010.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge